United States District Court
Southern District of Texas
**ENTERED**
June 27, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WAYNE ALLEN STEWART, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-15-2617 |
| | § | |
| LORIE DAVIS, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division. | § | |
| Respondent. | § | |

## MEMORANDUM, ORDER AND RECOMMENDATION

Petitioner Wayne Allen Stewart's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for a report and recommendation. (Dkt. 4). Respondent has answered and moves for dismissal of the petition because it is barred by the statute of limitations. (Dkt. 15). The court recommends that respondent's motion be granted and Stewart's application be denied.

## BACKGROUND

Wayne Allen Stewart pled guilty to aggravated assault with a deadly weapon and was sentenced to 20 years in prison on July 12, 2010. He did not file a direct appeal. Stewart filed a state court petition for writ of habeas corpus on May 31, 2012, which was denied on July 30, 2014 by the Texas Court of Criminal Appeals without written order. Stewart then filed this federal petition for writ of habeas corpus on September 7, 2015. (Dkt. 1). This court issued

Stewart an order to show cause on September 28, 2015 to which Stewart has not responded.[1] (Dkt. 7). Respondents filed a motion to dismiss on February 18, 2016. (Dkt. 15).

## ANALYSIS

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2244(d) of the Act provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Stewart was sentenced on July 12, 2010 and his conviction became final on August 11, 2010 at the conclusion of thirty days after the day sentence is imposed. Tex. R. App. Proc. 26.2(a); 28 U.S.C. § 2244(d)(1)(A). Federal limitation period expired one

---

[1] Stewart did file a request for a court-appointed counsel in response to the court's order to show cause. (Dkt. 9). However, prisoners do not have a constitutional right to counsel when mounting collateral attacks upon their conviction. *Pa. v. Finley*, 481 U.S. 551, 555 (1987). The motion for counsel is denied.

year later, on August 11, 2011, absent statutory and equitable tolling. 28 U.S.C. § 2244(d)(1).

### I.     Statutory tolling is inapplicable.

Stewart has not shown his filing was impeded by State action in violation of the Constitution. 28 U.S.C. § 2244(d)(1)(B). In addition, the factual predicate of Stewart's allegations relate to the entry of his guilty plea, which became discoverable when his conviction became final on August 9, 2010. 28 U.S.C. § 2244(d)(1)(D). Therefore, August 11, 2011 was the latest date by which Stewart could file his federal habeas petition.

Stewart may not rely on the filing date of his state habeas petition to toll the limitation period. AEDPA provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. 2244(d)(2). However, because Stewart filed his state writ application on May 31, 2012—after the expiration of the limitation period—Stewart's state writ application did not toll the limitation period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

### II.    Equitable tolling is not applicable.

AEDPA's limitation period is subject to equitable tolling in "rare and exceptional" circumstances. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). The Supreme Court has held the petitioner must demonstrate that 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstances stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Extraordinary circumstances may include extreme counsel neglect, but "a garden variety claim of excusable neglect" is not enough. *Holland*, 560 U.S. at 651-52. Moreover, general claims of

3

inadequate counsel and ignorance of law are also insufficient justifications to abandon diligence in pursuing habeas relief. *Palacios v. Stephens*, 723 F.3d 600, 607 (5th Cir. 2013); *Felder*, 204 F.3d at 171-72.

Stewart's petition alleges he is entitled to equitable tolling because he is uneducated, does not know the law, is mentally incompetent, and does not have an inmate legal representative. (Dkt.1 at 9). However, these typical conditions do not represent extraordinary circumstances that warrant equitable tolling.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed above, the court recommends that respondent's motion for summary judgment be granted and the petition for writ of habeas corpus be denied as time-barred. It is also ordered that Stewart's motion for appointment of counsel (Dkt. 9) is denied.

The court further finds that Stewart has not made a substantial showing either that he was denied a constitutional right or that it is debatable whether this court is correct in a procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. See Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on June 27, 2016.

*[signature]*

Stephen Wm Smith
United States Magistrate Judge